## Pennsylvania Company, Appellee, v. A. F. Cook & Company, Appellant.

### Gen. No. 18,873.

1. CARRIERS, § 33*—*jurisdiction of claims involving overcharges in interstate shipments.* In an action in the Municipal Court by a railroad company to recover a sum due it on freight bills, evidence offered under a plea of set-off that plaintiff was indebted to defendant for overcharges on freight bills paid by defendant to plaintiff on interstate shipments, *held* inadmissible, for the reason that the court had no jurisdiction of a claim involving the determination of the question whether the railroad company was guilty of unjust discrimination, there being no decision of the Interstate Commerce Commission offered in evidence with reference to the rates in question.

2. CARRIERS, § 33*—*who to determine question of unjust discrimination in rates.* Whether a railroad is guilty of unjust discrimination in making rates can be determined only by the Interstate Commerce Commission.

Appeal from the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 5, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.
Vol. CLXXXV 17

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellant; RAYMOND S. PRUITT, of counsel.

LOESCH, SCOFIELD & LOESCH, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago, for the sum of $817.16, rendered in favor of the appellee, the Pennsylvania Company, a corporation (hereinafter referred to as the plaintiff), and against A. F. Cook & Company, a corporation, the appellant (hereinafter referred to as the defendant). The case was tried by a court and jury. The plaintiff sued to recover from the defendant the amount alleged to be due it from the defendant for certain freight bills. The plaintiff's final claim, after certain items had been eliminated, was for $855.63. The defendant admitted owing the plaintiff $198.33. It further conceded that certain freight bills in plaintiff's statement of claim to the amount of $855.63 had not been paid. It alleged in a plea of set-off that the plaintiff was indebted to the defendant for overcharges on freight bills paid by the defendant to the plaintiff to the amount of $620.08 on shipments of coke from the Connellsville district in Pennsylvania to Chicago, Illinois, between September 1, 1907, and June 1, 1911. On the trial the defendant, over the objection of the plaintiff, was allowed to introduce evidence in support of the claim alleged in the set-off, and it contends in this court that this evidence proved that the plaintiff did overcharge the defendant on the shipments in question to the amount of $620.08, and that the defendant is entitled to have a remittitur of that amount or a reversal of the judgment.

It is admitted that the shipments mentioned in the set-off were interstate and were governed by the act of Congress known as the Interstate Commerce Act.

It is further admitted that the plaintiff had established, filed, published and posted, as required by the said act, a certain schedule of freight rates, and that these rates were in full force and effect during the period of the shipments mentioned in the plea of set-off. It is further admitted that in this schedule, the railroad company made a rate of $2.35 per ton for coke (from the Connellsville coke region in Pennsylvania to Chicago) *for use in blast furnaces for smelting iron from ores* and a rate of $2.60 per ton between the same places *for foundry coke.* It is admitted that the defendant was charged and paid $2.60 per ton on all the shipments mentioned in the set-off and that the total amount of the alleged overcharges is $620.08. The defendant contends that there is no real difference, from a transportation standpoint, in the two cokes; that they are similar in size and weight, and that the distinction made by the plaintiff in its schedule is an artificial one. The defendant insists that the Interstate Commerce Commission has held that it is unlawful for a railroad company to make a distinction in freight rates solely on the use to which a commodity is to be put, and that the railroad company, in the making of the two rates in question, was guilty of unjust discrimination and undue preference; that the defendant Company was entitled to the benefit of the $2.35 rate, and that the difference between that rate and the one charged the defendant was an unlawful overcharge that the defendant had the right to plead by way of set-off to the plaintiff's claim.

The plaintiff, during the trial, objected to the introduction of the evidence offered by the defendant in support of the claim alleged in its set-off, and it also made motions at the close of the defendant's evidence in support of said set-off, and at the close of all the evidence in the case, to strike out all the evidence that had been introduced in support of said set-off. Plaintiff has assigned certain cross-errors relating to the action of the trial court in admitting the evidence in question and

in refusing to sustain the motions of the plaintiff to strike the said evidence from the record. In spite of the fact that the trial court admitted the evidence to sustain the claim alleged in the set-off, it will be noticed that the plaintiff obtained a verdict and judgment against the defendant for the full amount claimed by the plaintiff, less $37.22. This latter amount related to a claim of the defendant for certain coal alleged to have been lost in transit and it had no bearing on the claim alleged in the set-off. The plaintiff, on the trial of the case, in addition to the general defense interposed by it to the claim alleged in the set-off, also made special defenses to the same, and these defenses undoubtedly account for the fact that the alleged overcharges were not allowed by the jury. In the view that we have taken of this case, it will not be necessary, to notice these special defenses (although they are urged in this court), as the plaintiff has raised one point in reference to the claim alleged in the set-off that seems to be decisive of the case. The plaintiff insists that the Municipal Court had no jurisdiction of the said claim for the reason that it involved a determination by the jury and the court of the question as to whether the railroad company, in the making of the rates in question, was guilty of unjust discrimination. The plaintiff insists that such questions can be determined only by the Interstate Commerce Commission, and this contention seems to be well founded. Mr. Justice White, in the case of *Texas & Pac. R. Co. v. Abilene Cotton Oil Co.,* 204 U. S. 426, in a very able opinion, analyzes and explains the scope and purposes of the Interstate Commerce Act. In passing on the question now before us, the Court, held, that it is clearly the purpose of the law, that where interstate rates are fixed by railroad companies in the mode provided by the act, and they are in force, and a shipper believes that a schedule rate charged him is discriminatory or unreasonable, and he seeks reparation predicated upon

that fact, he cannot, under the provisions of the act, in the first instance, seek relief through actions brought in courts of law, but he must primarily invoke redress through the Interstate Commerce Commission, and it is for the said Commission to determine the question as to whether the rate complained of is discriminatory or unreasonable. In the case of *Robinson v. Baltimore & O. R. Co.,* 222 U. S. 506, the Court sustains the ruling in the last mentioned case and makes the following additional ruling: That even though the Interstate Commerce Commission has made a decision with reference to a rate in question, still no court can take judicial knowledge of that fact, and if a party in a court proceeding desires to avail himself of the benefit of the decision of the Commission in reference to a particular rate or rates he must introduce in evidence the decision of the Commission; a duly authorized published copy of the same being sufficient under the provisions of the law.

The defendant in this case did not offer in evidence any decision by the Interstate Commerce Commission in reference to the rates in question, and, it would appear clear from the cases cited that the Municipal Court did not have jurisdiction to entertain the claim alleged in the set-off. It follows from this that the trial court should not have allowed evidence in support of the set-off, and that being so, it necessarily follows that the judgment of the court is for the correct amount due to the plaintiff. The judgment of the Municipal Court will therefore be affirmed.

*Affirmed.*